# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) I.D. # 1105011905
)
DAVID W. JONES, )
)
Defendant. )

Date Submitted: February 15, 2016
Date Decided: April 13, 2016

## ORDER RESOLVING DAVID JONES' MOTION TO REDUCE SENTENCE UNDER SUPERIOR COURT CRIMINAL RULE 35(b)

This 13th day of April, 2016, upon consideration of the Motion for Sentence Reduction (the "Motion") filed by David W. Jones, the record in this matter, and the applicable legal authority, including Rule 35 of the Superior Court Rules of Criminal Procedure ("Rule 35"), it appears to the Court that:

1. David Jones pleaded guilty on January 24, 2012 to Robbery First Degree, Burglary Second Degree, Kidnapping Second Degree, and Impersonating a Police Officer. As to the robbery charge, Jones was sentenced, effective May 17, 2011, to 15 years at Level V, suspended after 5 years at Level V and successful completion of the Key program for 10 years at Level IV, suspended after successful completion of the Crest program to six months at Level IV home

confinement, followed by a term of probation at Level III.[1] As to the burglary charge, Jones was sentenced to eight years at Level V, suspended after three years for two years at Level III.[2] Jones' Level V time for the kidnapping and impersonating a police officer charges was suspended for one year of Level III probation.[3] Probation for all the charges was to run concurrent to any probation Jones was serving at the time of his sentence.[4] The sentencing order further specified that, if Jones completed the required substance abuse treatment at Level V, his Level V time would be "cut" by one year.[5] The sentencing order also provided that, if Jones obtained his GED, his Level V time would be "cut" by six months and the Level IV home confinement would be suspended.[6]

2. Jones previously filed two Rule 35 motions that were denied by this Court in orders dated July 11, 2014 and September 5, 2014.[7] On May 4, 2015, consistent with the terms of the sentencing order, this Court reduced Jones' Level V time by one year because Jones successfully completed the required substance abuse treatment.[8]

---

[1] *State v. Jones*, ID No. 1106011905 at 1-2 (Del. Super. May 11, 2012) at 1-2 (ORDER) (Sentencing).
[2] *Id.* at 2.
[3] *Id.* at 2-3.
[4] *Id.*
[5] *Id.* at 4 ("Notes").
[6] *Id.*
[7] *See* D.I. 28, 32.
[8] D.I. 35.

3. In his current Motion, Jones seeks a six-month reduction in his Level V time and suspension of the Level IV home confinement and submits proof that he successfully completed his GED. Jones also seeks an additional six-month reduction in his Level V time because, he argues, he has had no disciplinary actions or issues while incarcerated and successfully has completed all the terms of his sentencing order.[9]

4. Jones has complied with the provision of the sentencing order intended to incentivize him to obtain his GED. Because Jones obtained his GED, his Level V sentence will be reduced by six months and his Level IV home confinement will be suspended to Level III probation, as permitted by the original sentencing order.[10]

5. The remainder of Jones' Motion, however, fails to meet Rule 35's procedural requirements. The intent of the rule historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[11] Under Rule 35(b), the Court has broad discretion to decide if it should alter its judgment when a motion for reduction of sentence is filed within 90 days of

---

[9] Motion at 2-3.
[10] Jones still must successfully complete Level IV Crest before flowing down to Level III. *See* Sentencing Order at 1-2.
[11] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (*per curiam*).

sentencing.[12] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[13] The rule contains certain procedural requirements, namely timeliness and non-repetition, that a defendant must meet before the Court will consider the merits of a motion.

6. Jones' Motion does not clear either procedural hurdle. As to timeliness, his present motion was filed well outside the period prescribed in Rule 35. An application to reduce a sentence must be filed within 90 days of the imposition of the sentence, unless the movant demonstrates "extraordinary circumstances" have prevented him from seeking relief on a timely basis. In order to "uphold the finality of sentences," Delaware law places a heavy burden on the moving party to establish extraordinary circumstances.[14] In *State v. Lewis*, former Chief Justice Steele described the "extraordinary circumstances" excusing an untimely Rule 35(b) motion as circumstances that "specifically justify the delay," are "entirely beyond a petitioner's control," and "have prevented the applicant from seeking the remedy on a timely basis."[15] The Supreme Court subsequently

---

[12] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[13] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Dec. 16, 2014) (citing *United States v. Ellenbogen*, 390 F.2d 537, 541-43 (2d Cir. 1968) (explaining the time limitation and purpose of then-extant sentence reduction provision of Fed. R. Crim. P. 35, the federal analogue to current Rule 35(b))).

[14] *State v. Johnson*, 2006 WL 3872849, at *3; *see also, State v. Diaz*, 113 A.3d 1081 (TABLE) (Del. 2015).

[15] 797 A.2d 1198, 1203-05 (Del. 2002) (Steele, J., dissenting); *see also Diaz*, 113 A.3d 1081.

4

adopted former Chief Justice Steele's description of extraordinary circumstances.[16] Mitigating factors that could have been presented at sentencing, as well as exemplary conduct or successful rehabilitation while incarcerated, do not constitute "extraordinary circumstances."[17] Jones does not allege any extraordinary circumstances, and his good behavior while incarcerated and successful completion of various programs, although admirable, do not meet his burden of proof on this point.

7.     There is a statutory mechanism for an incarcerated defendant who has been rehabilitated to obtain a reduced sentence; 11 *Del. C.* § 4217 allows this Court to reduce the length of certain prison sentences upon application by the Department of Correction ("DOC") on an inmate's behalf. Such application must demonstrate good cause for the reduction, including rehabilitation, and must certify that the defendant's release will not constitute a substantial risk to the community or to the defendant himself.[18] Unlike Rule 35(b), there is no 90 day time limit for an application under Section 4217. Jones is welcome to discuss with DOC whether they will facilitate such an application.

---

[16] *Diaz*, 113 A.3d 1081.

[17] *State v. Liket*, 2002 WL 31133101 (Del. Super. Sept. 25, 2002) (finding exemplary conduct or successful rehabilitation during incarceration does not qualify as extraordinary circumstances and relief for such achievements is more properly addressed to the parole board); *see also*, *United States v. LaMorte*, 940 F. Supp. 572, 578 (S.D.N.Y. 1996); *United States v. Arcaro*, No. 89 Cr. 001, 1992 WL 73366, at *1 (S.D.N.Y. April 1, 1992) (holding that "[w]hile defendant's educational endeavors in prison and his diligent performance of prison job assignments are laudable accomplishments, they do not justify a reduction in sentence.").

[18] 11 *Del. C.* § 4217(b)-(c).

NOW, THEREFORE, **IT IS ORDERED** that David Jones' Motion for Reduction of Sentence is **GRANTED in part** as to the request for a six-month reduction in Level V time and suspension of Level IV home confinement. All other requests in the Motion are **DENIED**.

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Kevin M. Carroll, Deputy Attorney General
     Jason W. Staib, Deputy Attorney General
     Investigative Services Office
     Mr. David Jones (SBI No. 00260674), *pro se*